A. DREISS v. W. FAUST.

(No. 7, Op. Book No. 1, p. 252.)

APPEAL from Guadalupe County. Opinion by ECTOR, P. J.

§ 33. *Attachment.* The remedy by attachment is a harsh one, and juries may well require proof that the debtor has violated the law before this harsh remedy should be resorted to.

§ 34. *Attachment; correct rule as to damages in.* In the case of Reed v. Samuels the correct rule is laid down, and that is, if a creditor has been not only harsh and oppressive, but regardless of the rights of his debtor, and has violated the law in the too eager pursuit of his demand, the injured debtor may properly apply to the courts for redress. But the courts should not lend too willing an ear to defendants who present such issues. [22 Tex. 115.]

§ 35. *Wrongful suing out of attachment; actual damages.* Where the attachment is wrongfully sued out, no belief, however firm and sincere, that the grounds set out in the affidavit for attachment are true, can affect the de-

fendant's right to recover against the creditor the actual damages sustained, if in fact they are untrue. [Drake on Attachments, § 174.]

§ **36.** *Attachment sued out maliciouly and without probable cause.* If, besides being untrue, the party suing out the attachment acted maliciously and without probable cause for believing the grounds of attachment to be true, he is liable, in addition to the actual, for vindictive or exemplary damages, as a punishment upon him for his wrongful and oppressive use of the process.

§ **37.** *Malice and want of probable cause.* Must both concur to support the charge of malicious prosecution. Neither is alone sufficient. If it were malicious and unfounded, but there was probable cause for suing out the attachment, nothing more than the actual damages sustained can be recovered. [2 Greenl. 453; Walcott v. Hendrick, 6 Tex. 407.]

§ **38.** *Malice may be implied from want of probable cause.* [Culberson v. Cabeen, 29 Tex. 255.]

May 3, 1877.                                    Affirmed.